[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12192

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK TOMLINSON,
a.k.a. Supa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:10-cr-00521-TCB-AJB-4

———————————

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Mark Tomlinson, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence modification under 18 U.S.C. § 3582.  Because no statute or rule permitted a modification of Tomlinson's sentence, we affirm.

## I.

In 2014, a jury found Tomlinson guilty of conspiracy to possess with intent to distribute MDMA, BZP, and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and (b)(1)(D).  He was acquitted of the substantive offenses of possessing with intent to distribute cocaine, BZP, and MDMA.

At sentencing in 2015, the district court found, based in part on acquitted conduct, that Tomlinson was responsible for 968.4 grams of cocaine, 168 pounds of marijuana, 148,539 BZP pills, and $104,080 in drug proceeds.  Using the Guidelines Manual's drug equivalency table, the court converted these amounts to equivalent amounts of marijuana, yielding a total of roughly 4,000 kilograms.  That total quantity triggered a base offense level of 32.

In addition, the district court applied five sentencing enhancements—for possessing a gun, maintaining a drug premises, committing the offense as part of a pattern of activity engaged in as a livelihood, being an organizer or leader, and obstructing justice—

which increased the total offense level to 42. Combined with a criminal history category of I, this yielded a guideline imprisonment range of 360 months to life, which was reduced to 240 months because of the statutory maximum.

The district court sentenced Tomlinson to 192 months of imprisonment. We affirmed his conviction on appeal. *United States v. Tomlinson*, 674 F. App'x 892 (11th Cir. 2017). The district court later denied a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

In June 2022, Tomlinson filed a *pro se* motion for a sentence reduction under 18 U.S.C. §3582(c)(1)(B) and (c)(2), claiming that the district court had miscalculated his guideline range. He asserted that the court violated his Fifth and Sixth Amendment rights by exceeding the jury's drug-quantity findings and by applying the five sentencing enhancements.

The district court denied the motion, finding no grounds to grant Tomlinson relief from his sentence. The court explained that § 3582(c)(1)(B) was not an independent basis for relief and that no retroactive guideline amendment permitted a sentence reduction under § 3582(c)(2). Rather, Tomlinson's constitutional arguments, the court explained, were cognizable only on collateral review under 28 U.S.C. § 2255, but any such motion "would be denied as an unauthorized second or successive § 2255 motion." This appeal followed.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). The court "has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).

Section 3582(c) permits a district court to modify a sentence in three circumstances: (1) when warranted by "extraordinary and compelling reasons" or the defendant's age; (2) when the sentence is "based on a sentencing range that has subsequently been lowered" by a retroactive amendment to the guidelines; and (3) when "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See* 18 U.S.C. § 3582(c).

We agree with the district court that none of these conditions apply. First, Tomlinson's asserted guideline errors do not qualify as extraordinary and compelling reasons for early release, and he does not meet the age-based release requirements. *See id.* § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

Second, no retroactive amendment applies to reduce Tomlinson's guideline range. *See* 18 U.S.C. § 3582(c)(2). Tomlinson was sentenced in April 2015, after the effective date of Amendment 782, the last retroactively applicable amendment to the drug-quantity guideline. *See* U.S.S.G. § 1B1.10(d). So he already has received the benefit of that amendment. Had he been sentenced today for

a converted drug quantity of 4,000 kilograms, the base offense level would still be 32. *See* U.S.S.G. § 2D1.1(a)(5), (c)(4). Because no retroactive amendment is applicable or has "the effect of lowering the defendant's applicable guideline range," no reduction was permitted under § 3582(c)(2). *See id.* § 1B1.10(a)(2).

Third, the residual category—when "otherwise expressly permitted by statute or by Rule 35"—does not by itself authorize any relief. *See* 18 U.S.C. § 3582(c)(1)(B). Rather, Tomlinson still must identify a statute or rule that permits a modification. Rule 35 does not apply here because (a) Tomlinson did not raise a clerical or clear error within fourteen days of the sentence, and (b) the government has not filed a motion based on substantial assistance. *See* Fed. R. Crim. P. 35. Nor does Tomlinson identify any other statute that would permit relief.

Finally, while Tomlinson's constitutional claims may be cognizable on collateral review under 28 U.S.C. § 2255, the district court lacked jurisdiction to consider those claims without Tomlinson's obtaining of prior authorization from this Court to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h).

For these reasons, the district court correctly concluded that it lacked the authority to modify Tomlinson's sentence. Because no sentence modification was authorized, the court did not need to consider the 18 U.S.C. § 3553(a) sentencing factors. We affirm the denial of Tomlinson's § 3582(c) motion.

**AFFIRMED.**